UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA STEVENS,

      Plaintiff,

v.                                           CASE NO. 8:06-CV-1469-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").[1] Essentially, Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) failing to fully credit her treating physicians' opinions; and (2) discrediting her "non-acceptable" medical providers without explanation. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*Background*

Plaintiff was fifty-two years old at the time of her administrative hearing on July 7, 2005. She has a high school education and training as a medical assistant, as well as work experience as a day care worker, medical assistant, and electronic inspector. Plaintiff alleges disability as a result

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (doc. 11).

of a combination of physical and mental disorders, including chronic pain, a metal plate in her neck, and a herniated disc in her lower back.[2] Plaintiff alleges a disability onset date of April 28, 2002. On October 20, 2005, the ALJ denied her disability claim, and the Appeals Council denied Plaintiff's request for review.

*Standard of Review*

To be entitled to SSI or disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423 (d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. *See* 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits the ability to perform work-related functions); (3) whether the severe

---

[3] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order. (R. 16-19).

impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f); 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1.    treating physician's opinions*

Plaintiff contends that the ALJ erred in disregarding the assessment of her treating physician, Dr. Webber, without good cause. She says that Dr. Webber opined she is limited to less than sedentary activities (R. 288-89). Defendant maintains that the ALJ may discount a treating

physician's opinions when they are not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. Moreover, opinions on some issues, including whether a claimant is disabled and the assessment of a claimant's residual functional capacity, are not medical opinions and are reserved for the Commissioner as administrative decisions dispositive to the case.

Of course, the law of this circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 CFR § 404.1527(d)(2). When considering medical opinions, the following factors apply for determining the weight to give to any medical opinion: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion, i.e., "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight" that opinion is given; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; if it is, it will be accorded greater weight; and (5) other relevant but unspecified factors. 20 C.F.R. § 404.1527(d)(2). An ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)).

Moreover, as the Commissioner asserts, a treating source's opinion that a claimant is unable to work is not a "medical opinion" as defined by the regulations, but it is an opinion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Where the record contains such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supported by the record, but an opinion that a claimant is unable to work is never entitled to controlling weight or special significance. S.S.R. 96-5p, 1996 WL 374183, *1-3 (S.S.A.).

Plaintiff argues that the ALJ made confusing statements as to the weight accorded to Dr. Webber. The ALJ's statements about the weight he assigned to Dr. Webber's medical records and to his opinion as to the Plaintiff's RFC are consistent with the applicable regulations and are not inconsistent. Essentially, the ALJ noted that he gave the greatest weight to Drs. Webber and Nucci as treating sources, but that Dr. Webber's opinion as to Plaintiff's RFC was not entitled to great weight (R. 20). He indicated that Dr. Webber's opinion was "not well-supported and was inconsistent with the rest of the objective medical evidence of record, and non-medical evidence." (R. 20) The ALJ noted that Plaintiff's activities of daily living and the medical findings, including Dr. Nucci's records indicating that after her surgical intervention she was "doing very well," was taking "minimal medications," and had returned to work, do not support the extent of her alleged pain (R. 219-20, 223-24). As the Commissioner states, the medical evidence after her last post-surgery visit with Dr. Nucci shows she went nearly a year without seeing a physician and when she did see Dr. Webber in January 2004, she did not even mention neck or back pain. This extended period of time without treatment and minimal conservative post-surgery treatment constitute substantial evidence supporting the ALJ's decision to give Dr. Webber's opinion little weight. S*ee* *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (observing that a treating physician's

opinion may be rejected when not accompanied by objective medical evidence or it is wholly conclusory); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991) (acknowledging that good cause exists to reject a treating physician's opinion where physician's notes contain no clinical data or information to support the opinion); *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (recognizing that an ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion).

      2.    "non-acceptable" medical providers

Plaintiff also asserts that the ALJ erred by discrediting two medical providers who are not considered "acceptable medical sources" in the regulations. Citing to Social Security Ruling 06-03p, she argues that even non-acceptable medical sources "should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file." Specifically, she says the ALJ did not address the functional testing at Atlas Orthopedic Rehab (R. 197-211) and chiropractic treatment.

In summarizing the medical evidence, the ALJ referred to the records from Atlas Orthopedic Rehab and the chiropractor (R. 19-20). The ALJ noted that the chiropractic records provided "little further insight" to Plaintiff's condition (R. 20). In any event, however, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as his decision is not a broad rejection interfering with the court's determination of whether the ALJ considered her medical condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). With regard to SSR 06-3p, I find the ALJ complied with this regulation, as it requires only that the ALJ consider all the evidence. The ruling indicates it is not necessary to explain the weight given or to discuss the evidence from other sources when such opinions do not have an effect on the outcome

of the case.[3]  SSR 06-3p, 2006 WL 2329939 (2006).  Here, the evidence from the rehabilitation center does not include evidence that Plaintiff's limitations or symptoms were any different than that already established in the other record evidence and considered by the ALJ.   Accordingly, I find the ALJ adequately considered the records from other medical sources, namely the chiropractor and rehabilitation center, as required by the regulations and SSR 06-3p, and substantial evidence supports his decision.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 30th day of August, 2007.

	*Mark A. Pizzo*
	MARK A. PIZZO
	UNITED STATES MAGISTRATE JUDGE

---

[3] Social security separates information sources into two main groups: "acceptable medical sources" and "other sources."  20 C.F.R. §§ 404.1502, 416.902 (2007).  "Other sources" include chiropractors and therapists.  20 C.F.R. §§ 404.1513(d), 416.913(d)(2007).  The term "non-acceptable medical sources" is not used in the regulations.